**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HILLARY STEWARD, ) | Case No. 2:15-cv-00408-JAD-NJK |
| ) | |
| Plaintiff(s), ) | ORDER GRANTING MOTION FOR |
| ) | LEAVE TO AMEND |
| vs. ) | |
| ) | (Docket No. 22) |
| CMRE FINANCIAL SERVICES, INC., ) | |
| ) | |
| ) | |
| Defendant(s). ) | |

Pending before the Court is Plaintiff's motion for leave to file an amended complaint. Docket No. 22. Defendant filed a response, and Plaintiff replied. Docket Nos. 28, 30. Having considered the documents submitted and the arguments presented, the Court hereby **GRANTS** the motion.

**I.    BACKGROUND**

This matter arises from a series of phone calls made to Plaintiff's cell phone. Docket No. 1 at 4-6. Plaintiff argues she received automated debt collection messages in her voice mail, in which the caller misrepresented its identify. Docket No. 22 at 2. Plaintiff argues Defendant is responsible for the debt-collection calls, but Defendant responds the responsibility lies with Healthcare Medical Revenue Group ("HMRG"). *Id*; Docket No 28 at 2. Plaintiff replies that HMRG is a wholly owned subsidiary and division of Defendant, but Defendant counters HMRG is a separate entity. Docket Nos. 22 at 2; 28 at 5. Plaintiff has therefore filed a motion for leave to amend her complaint to allege that HMRG is Defendant's alter-ego. Docket No. 22 at 3. It is that motion that is presently before the Court.

//

## II. STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline to do so established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b). *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).[1] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

Where "good cause" exists under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. Of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

//

//

---

[1] Unless otherwise stated, references to "Rules" refer to the Federal Rules of Civil Procedure.

## III. ANALYSIS

The Court begins its analysis with Rule 16(b)'s good cause standard and its focus on Plaintiff's diligence. Good cause exists here because Plaintiff only recently acquired Defendant's untimely discovery responses, in which Defendant first asserted HMRG is a distinct entity. Therefore, although Plaintiff knew that HMRG made the call at issue, there is no indication that Plaintiff was aware that Defendant would assert that HMRG was a distinct entity until recently. Given that Plaintiff filed her motion to amend shortly thereafter, the Court finds that Plaintiff was diligent and that good cause exists to allow the amendment.[2]

Having found good cause exists as required by Rule 16, the Court turns to whether the amendment should be permitted under Rule 15. Defendant's primary argument regarding Rule 15 is that the amendments are futile because Plaintiff failed to allege sufficient facts to support her new claim. *See* Docket No. 28 at 4. "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed." *See Branch Banking & Trust Co. v. Pebble Creek Plaza, LLC*, 2013 U.S. Dist. Lexis 73723, *3 (D. Nev. May 22, 2013) (quoting *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss. *See, e.g., In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court finds that Defendant's futility arguments, as well as its argument regarding dismissal of CMRE, are better addressed through a motion to dismiss rather than the pending motion.[3] The Court therefore finds that the requirements for amendment under Rule 15 are also satisfied in this case.

---

[2] In determining whether "good cause" exists, the Court may also consider prejudice to the opposing party. *See, e.g., Johnson*, 975 F.2d 609. Here, Defendant makes no prejudice argument. See Docket No. 28.

[3] The Court expresses no opinion as to the viability of the newly added claims or the merits of a motion to dimiss, and nothing in this order shall be construed as precluding Defendant from bringing a motion to dismiss.

**IV.  CONCLUSION**

For the reasons stated more fully above, the Court hereby **GRANTS** the motion for leave to amend. Plaintiff shall file and serve the amended complaint within 7 days of this order. In addition, the parties shall confer and, within 7 days of this order, submit a proposed joint discovery plan.

IT IS SO ORDERED.

DATED: October 16, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge