ALVERSON, TAYLOR,
MORTENSEN & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
ADAM R. KNECHT, ESQ.
Nevada Bar #13166
7401 W. Charleston Boulevard
Las Vegas, NV 89117
(702) 384-7000
efile@alversontaylor.com

CARLSON & MESSER, LLP
JEANNE L. ZIMMER, ESQ.
ZimmerJ@cmtlaw.com
J. GRACE FELIPE, ESQ.
Felipeg@cmtlaw.com
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA 90045
(310) 242-2200
*Appearing Pro Hac Vice*
Attorneys for Defendants,
CMRE FINANCIAL SERVICES, INC., and
HEALTHCARE REVENUE MANAGEMENT GROUP, a/k/a HRMG

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HILARY STEWARD, on behalf of herself and those similarly situated, | CASE NO. 2:15-cv-00408-JAD-NJK |
| Plaintiff, | **ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| CMRE FINANCIAL SERVICES, INC., a California corporation; HEALTHCARE REVENUE MANAGEMENT GROUP, a/k/a HRMG, an entity of unknown form, | |
| Defendants. | |

///

///

**ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW Defendants CMRE FINANCIAL SERVICES, INC., and HEALTHCARE REVENUE MANAGEMENT GROUP a/k/a HRMG (hereinafter, collectively referred to as "Defendant"), by and through its counsel of record, and hereby answer the First Amended Class Action Complaint ("Complaint") for Violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692 of Plaintiff HILARY STEWARD ("Plaintiff"), individually and on behalf of all other similarly situated, by admitting, denying and alleging as follows:

**PRELIMINARY STATEMENT**

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brought this class action seeking damages and certain relief under FDCPA. However, Defendant denies any violation of the FDCPA, and Defendant denies any wrongdoing whatsoever. Defendant further denies that this is a viable class action and denies that Plaintiff is a suitable class representative. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2. Defendant admits that this Court has jurisdiction over Plaintiff's federal law claims. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint on the basis that they constitute a legal conclusion.

**PARTIES**

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, Defendant denies same at this time.

5. Defendant denies each and every allegation contained in Paragraph 5 of Plaintiff's Complaint on the basis that they constitute a legal conclusion.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendant admits that CMRE FINANCIAL SERVICES, INC. (hereinafter referred to as "CMRE"), is a California corporation who is in the business of collecting debts owed to another.

8. Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint.

9. Answer Paragraph 9 of Plaintiff's Complaint, Defendant admits that HRMG is a wholly-owned subsidiary of CMRE.  With respect to allegations regarding CMRE's website, Defendant contends that CMRE's website speaks for itself.  Except as specifically admitted to herein, Defendant denies each and every allegations contained in Paragraph 9.

10. Defendant contends that there are no affirmative allegations in Paragraph 10 of Plaintiff's Complaint which require a response.  To the extent that a response is necessary, Defendant denies each and every allegations contained in Paragraph 10.

11. Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendant admits that Defendants have the same business address.  Except as specifically admitted to herein, Defendant denies each and every allegations contained in Paragraph 14.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant admits that HRMG is a wholly-owned subsidiary of CMRE.  Except as specifically admitted to herein, Defendant denies each and every allegations contained in Paragraph 15.

16. Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint.

## STATEMENT OF FACTS

18. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 17 above as though fully set forth herein.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## CLASS ALLEGATIONS

24. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 23 above as though fully set forth herein.

25. Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

# FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA 15 U.S.C. § 1692e(11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS ONE

29. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 28 above as though fully set forth herein.

30. Defendant asserts that the allegations in Paragraph 30 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

# SECOND CLAIM FOR RELIEF

## VIOLATION OF THE FDCPA U.S.C. § 1692e(14) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS ONE

35. Defendant repeats, realleges and incorporates by reference Paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant asserts that the allegations in Paragraph 36 of Plaintiff's Complaint makes no affirmative allegations against Defendant, and therefore; no response from Defendant is required. To the extent that a response is required, Defendant lacks sufficient knowledge to admit or deny the allegations contained therein, and therefore; Defendant denies the same at the present time.

37. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies that Plaintiff is entitled to a judgment in her favor, and Defendant further denies that Plaintiff is entitled to recover any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

40. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

41. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, is barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

42. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate her damages with respect to the matters alleged in the Complaint.

/ / /

/ / /

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Plaintiff is Not a Debtor)

43. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred because Plaintiff not a consumer or debtor and 15 U.S.C. §1692e(11) applies ***only*** to consumers and debtors. *Conboy v. AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001).

## FIFTH AFFIRMATIVE DEFENSE

### (The FDCPA Does Not Apply to Accounts Not in Collection)

44. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant are barred because the FDCPA only applies to debts which are in default. *De Dios v. Int'l Realty & Investments,* 641 F.3d 1071, 1073 (9th Cir. 2011). Specifically excluded from the FDCPA's definition of a debt collector is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt <u>which was not in default at the time it was obtained by such person.</u>" 15 U.S.C. §1692a(6)(F)(iii)(emphasis added).

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

45. As a separate affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

46. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

47. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692, *et seq.* or *Civil Code* § 1788, *et seq*.

## NINTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

48. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Third Party Conduct)

49. As a separate, affirmative defense, Defendant alleges CMRE FINANCIAL SERVICES, INC. did not attempt to collect a debt from Plaintiff as the conduct alleged in the Complaint are not performed by or attributable to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

50. As a separate, affirmative defense, assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

/ / /

/ / /

/ / /

## TWELFTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

51.     As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

## THIRTEENTH AFFIRMATIVE DEFENSE

### (FDCPA Damages are Limited)

52.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not a Proper Class Representative)

53.     As a separate, affirmative defense to the Complaint, Defendant alleges that Plaintiff is atypical and inadequate as a class representative.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Action Improper-Lack of Typicality)

54.     Plaintiff's action is not proper for class action certification pursuant to *Federal Rule of Civil Procedure* 23 as Plaintiff's claim is not typical of the claim of the purported class members.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Dismissal of Class Action Allegations)

55.     As a separate, affirmative defense, Defendant asserts that Plaintiff has not and cannot establish that this action should be certified as a class action, as Plaintiff cannot establish numerosity of plaintiff, common questions of law or fact, and/typicality of claims,

and moves to dismiss all allegations pertaining to this action as a "Class Action" on those grounds.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Class Action Improper-Net Worth of Defendant)

56. Plaintiff's action is not proper for class certification pursuant to *Federal Rule of Civil Procedure* 23 because Defendant has a negative net worth.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Class Action Improper-Ruinous Liability to Defendant)

57. Plaintiff's action is not proper for class certification pursuant to the *Federal Rule of Civil Procedure* 23 because of the potential ruinous liability to Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Inferior)

58. Plaintiff's action is not proper for class action certification pursuant to *Federal Rule of Civil Procedure* 23 because class action treatment is inferior to individual resolution of claims.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Defendant is not a Debt Collector)

59. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant was not a "debt collector" as term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

### RESERVATION OF RIGHTS

60. Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

///

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendants CMRE FINANCIAL SERVICES, INC. and HEALTHCARE REVENUE MANAGEMENT GROUP demand a jury trial in this case.

DATED:  November 19, 2015               Respectfully submitted,

By: /s/ J. Grace Felipe
JEANNE L. ZIMMER, ESQ.
ZimmerJ@cmtlaw.com
J. GRACE FELIPE, ESQ.
Felipeg@cmtlaw.com
CARLSON & MESSER, LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, CA 90045
(310) 242-2200
*Appearing Pro Hac Vice*
Attorneys for Defendants,
CMRE FINANCIAL SERVICES, INC., and HEALTHCARE REVENUE MANAGEMENT GROUP, a.k.a. HRMG

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November, 2015, a true and accurate copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** was served via the U.S. District Court ECF system on the following:

Mark J. Bourassa
Trent J. Richards
THE BOURASSA LAW GROUP, LLC
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
Email: trichards@bourassalawgroup.com

Attorneys for Plaintiff,
Hilary Steward, on behalf of herself and those similarly situated

/s/ J. Grace Felipe
J. Grace Felipe
CARLSON & MESSER LLP